UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID L. BELMONTE,
a/k/a Dameas Shiruk Duranzan,

    Plaintiff,

v.

KING COUNTY, *et al.*,

    Defendants.

Case No. C24-1764-RAJ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. (*See* dkt. # 21.) Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. This Court therefore recommends that Plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## II.    DISCUSSION

Plaintiff submitted his proposed civil rights complaint to the Court for filing on October 23, 2024. (Dkt. # 1.) Plaintiff was at that time confined at the King County Jail ("the Jail"), but he was thereafter transferred into the custody of the Washington Department of Corrections. (*See*

REPORT AND RECOMMENDATION - 1

*id.* at 1; dkt. # 5.) Plaintiff set forth a single claim in his proposed complaint, which he identified as a "wrongful death" claim implicating the conduct of fourteen listed Defendants. (*See* dkt. # 22 at 1-2.) This claim related to the death of Plaintiff's intimate partner whom he asserted was pregnant with his child at the time of her death. (*See id.*) Plaintiff alleged in support of his wrongful death claim that his partner relied on him for emotional and psychological support, and because of his "excessive and unlawful imprisonment," which he attributed to Defendants, she was deprived of the support she needed to live, resulting in her death and the loss of Plaintiff's unborn child. (*Id.*)

Plaintiff's proposed complaint did not contain specific facts regarding the conduct of each Defendant whom he alleged had caused him harm. Plaintiff instead asserted generally that absent the negligence of King County, three attorneys affiliated with King County public defense agencies, and a King County Superior Court judge, he would have had effective assistance of counsel or self-representation, and a speedy trial, and would have been able to prevent or delay his partner's death. (Dkt. # 22 at 3.) He also asserted generally that absent his unlawful arrest, imprisonment, and malicious prosecution, actions which he attributed to King County, the City of Seattle, and a number of Seattle police officers, he would have been able to prevent and/or delay the death of his partner. (*Id.*) Plaintiff claimed that he suffered "emotional distress, nightmares and physical health declines as a result of the negligent infliction of emotional distress." (*Id.*) He further claimed that his unborn child "lost the association and relationship with [its mother] as a result of defendants' negligence and indifference." (*Id.*)

Plaintiff identified the following Defendants in his pleading: King County; the City of Seattle; Anita Khandelwal, Director of the King County Department of Public Defense; Matt Pang, Managing Attorney at SCRAP; Matt Sanders, Managing Attorney at ACA; King County

REPORT AND RECOMMENDATION - 2

Superior Court Presiding Judge Ketu Shah; Seattle Police Officers Doe 1, Doe 2, Esteban Monreal, Kaia Persson, Jacob Nelson, and Nicole Freutel; Seattle Police Sergeant Nicholas Burk; and Seattle Police Detective Kailey Kang. (Dkt. # 22 at 1-2.) Plaintiff requested declaratory relief and over $1.5 billion in damages. (*Id.* at 3.)

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not stated any viable claim for relief in his pleading. Thus, on June 23, 2025,[1] the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. # 23.) Among the deficiencies identified in the Order were that Plaintiff: (1) failed to allege facts demonstrating that each individual named as a defendant personally participated in causing him harm; (2) failed to clearly identify a custom or policy of either King County or the City of Seattle that caused him harm; (3) failed to allege a violation of his federal constitutional rights; (4) had improperly attempted to bring this action on behalf of others; (5) had identified several improper defendants including a King County Superior Court judge and three defense attorneys; and (6) had alleged claims that could potentially implicate the validity of his current confinement, which would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] (*See id.* at 4-7.)

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct

---

[1] There was a substantial delay in the screening of the complaint because of litigation surrounding Plaintiff's failure to satisfy the filing fee requirement at the outset of this case. (*See* dkt. ## 2, 4, 8-10, 14, 17, 20.)

[2] In *Heck*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87.

REPORT AND RECOMMENDATION - 3

the deficiencies identified by the Court, the Court would recommend that the action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). (Dkt. # 23 at 7.) To date, Plaintiff has filed no amended complaint. Because Plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

### III.  CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state any claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 2, 2025**.

DATED this 12th day of August, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge